UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KIMBLY ARNOLD AND ROLAND DUNHAM II,<br><br>Plaintiffs,<br><br>v.<br><br>LIONS CLUB INT'L ASSOC., et al,<br><br>Defendants. | No. 2:24-cv-02095 DAD AC (PS)<br><br><br>ORDER |
|---|---|

Plaintiffs are proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).

I.   IN FORMA PAUPERIS STATUS

Plaintiff Kimbly Arnold filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). Arnold's motion to proceed IFP will therefore be granted.

Plaintiff Roland Dunham has not submitted a request to proceed IFP, nor has he paid the filing fee. He will be provided additional time to do so. Mr. Dunham is advised that the complaint cannot be served on his behalf, requiring defendants to respond to his claim(s) for relief, unless he is granted leave to proceed IFP. Also, absent IFP status or payment of the filing fee, Mr. Dunham may be dismissed as a plaintiff.

///

1

II. SCREENING

A. <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. <u>See</u> <u>Neitzke</u>, 490 U.S. at 327; <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. <u>See</u> <u>Noll v.</u>

2

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

      B.     The Complaint

Plaintiffs sue the Lions Club International Association, and several of its officers and/or employees. ECF No. 1 at 1-3. Plaintiff Kimbly Arnold alleges she is a Black American Woman and was a member of the New London Black Heritage Club and Lions Club International Association for 90-120 days before the defendants revoked her membership. Id. at 3. Plaintiff Roland Dunham was a member of the Lions Club, where he "earned the right to oversee the Black Heritage Club in New London, [Connecticut]." Id. at 3-4. (For purposes of screening, the court infers that he is also Black.) On August 22, 2022, defendant David Kingsbury, general counsel for the Lions Club (id. at 2), made a claim that Arnold and Dunham had misused the Lions logo. Id. at 4. This claim was the product of racial discrimination. Id. at 4-5. The Lions Club Trademark Policy was enforced in a racially discriminatory manner against Black members; white members who misused the logo did not experience negative consequences.

Plaintiffs allege that they were raising money for "various project to assist the Black community in Jackson, Mississippi" and that Ms. Arnold was also working to provide humanitarian emergency services to the mentally ill in California. Id. at 4. On August 22, 2022, defendant Kingsbury "relied on unjustified assumption" about Arnold and claimed she was "engaging in the following wrongful conduct such as: (1) promoting her business; and/or (2) personally benefiting off the mentally ill person situation; and/or (3) claiming that Ms. Arnold 'appeared to be disclosing personal medical information' where the Plaintiffs was forced to remove the video violated Ms. Arnold First Amendment Rights to Freedom of Speech." Id. at 4-5.

On September 13, 2022, defendant Trina Charles provided a false statement related to Ms. Arnold engaging in inappropriate aggressive conduct over the phone. Id. at 6-7. Ms. Arnold denies these allegations. Id.

Membership in the Lions Club is acquired by invitation only, and plaintiffs paid dues to be in the Lions Club. Id. at 8. On September 30, 2022, defendants Susan Fisher and David

Kingsbury informed plaintiffs that the New London Black Heritage Club's membership was being revoked for the "pretextual reason" that it had not paid its dues, though plaintiffs believe that the decision was racially motivated. Id. Plaintiffs bring two causes of action: (1) race discrimination pursuant to 42 U.S.C. §1981 based on the August 9, 2022 revocation of the New London Black Heritage Club Chapter and Lions Club membership, and (2) violations of their rights to freedom of speech under the First and Fourteenth Amendment occurring between August 9, 2022 and October 6, 2022. ECF No. 1 at 11-13.

    C.    <u>Analysis</u>

The complaint does not state a claim upon which relief can be granted, and therefore will not be served on defendants in its present form.

        1.    <u>Race Discrimination in Violation of 28 U.S.C. §1981</u>

Section 1981 provides in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

2 U.S.C. § 1981(a). To state a claim under Section 1981, a plaintiff must establish that: (1) the plaintiff is a member of a racial minority; (2) the defendant had an intent to discriminate based on race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. <u>Peterson v. State of California Dep't of Corr. & Rehab.</u>, 451 F. Supp.2d 1092, 1101 (E.D. Cal. 2006) (citations omitted). Section 1981 "can be violated only by purposeful discrimination." <u>General Bldg. Contractors Ass'n Inc. v. Pennsylvania</u>, 458 U.S. 375, 391 (1982), and a plaintiff must plausibly allege "intentional discrimination on account of race." <u>Evans v. McKay</u>, 869 F.2d 1341, 1344 (9th Cir. 1989). A plaintiff must allege a "direct connection" between a defendant's actions and the claimed discrimination. <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). The statute only prevents discrimination as to the enumerated activities in the statute. The Supreme Court explained that Section 1981 "has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and

enforce contracts' without respect to race." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474 (2006). "Any claim brought under § 1981, therefore, must initially identify an impaired contractual relationship,' § 1981(b), under which the plaintiff has rights[,]" although "[s]uch a contractual relationship need not already exist." Id. at 476.

The complaint does not contain facts that state a claim for relief under § 1981. For purposes of screening, the court finds the allegations sufficient to establish that both plaintiffs are members of a protected racial group and that their contractual relationship with the Lions Club International was impaired. The complaint does not, however, contain specific facts supporting an inference that defendants committed intentional racial discrimination. To state a claim, plaintiffs must allege as to each and every defendant facts showing intentional discrimination on account of race. Evans, 869 F.2d at 1344. Although plaintiffs state their belief that racial animus was the real motivating force behind revocation of their charter(s) and membership, and that non-payment of dues was a pretext, they do not allege circumstances which are sufficient to demonstrate purposeful discrimination. The allegation about disparate application of the Trademark Policy is too vague to support an inference of intentional discrimination, and is not linked to the specific actions of any named defendant. The complaint contains no allegations of anything that any defendant personally said or did that reflects racial animus and would support an inference that such animus motivated the revocation of plaintiffs' charters and/or membership.

The complaint also fails to clearly distinguish between actions taken by defendants that impaired the contractual rights of Ms. Arnold, the actions that violated the rights of Mr. Dunham, and the actions that affected both plaintiffs jointly.

Because plaintiffs may be able to provide additional facts to remedy these defects, they will be given the opportunity to amend.

   2. Free Speech Restriction in Violation of First Amendment & Fourteenth Amendment

The First Amendment to the U.S. Constitution provides in relevant part that "Congress shall make no law ... abridging the freedom of speech." The Fourteenth Amendment makes the First Amendment, including its Free Speech Clause, applicable against the States: "No State shall

make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law ...." § 1. "The text and original meaning of those Amendments, as well as this Court's longstanding precedents, establish that the Free Speech Clause prohibits only governmental abridgment of speech. The Free Speech Clause does not prohibit private abridgment of speech." Manhattan Community Access Corp. v. Halleck, 587 U.S. 802, 808 (2019).

Plaintiffs do not and cannot state a claim against the private-actor defendants for restrictions on speech in violation of the First or Fourteenth Amendment. While there are limited circumstances in which a private entity can qualify as a state actor, none are potentially applicable here based on the facts alleged. Id. This is not a claim that can be cured by amendment to add additional facts. If plaintiffs reassert a First Amendment claim in their amended complaint, the undersigned will recommend that it be dismissed.

### III.   AMENDING THE COMPLAINT

If plaintiffs choose to amend the complaint, the amended complaint must properly state a claim under 42 U.S.C. § 1981 or another federal law that provides a cause of action and must provide facts sufficient to support a legal claim. It must contain a short and plain statement of plaintiffs' claims. The allegations of the complaint should be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiffs must avoid excessive repetition of the same allegations. Plaintiffs must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiffs' hopes and thoughts. Rather, the amended complaint should

contain only those facts needed to show how the defendants legally wronged the plaintiffs.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Although an amended complaint may include exhibits, any facts necessary to the claim(s) for relief must be clearly alleged in the body of the complaint. It is not the job of the court to scour exhibits in search of essential facts.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV. PRO SE PLAINTIFFS' SUMMARY

Kimbly Arnold is being granted in forma pauperis status and does not have to pay the filing fee. Roland Dunham II must submit an application to proceed in forma pauperis if he wishes to proceed.

Your complaint does not state a claim for relief and will not be served. You have 30 days to file an Amended Complaint that tries to fix the problems the court has identified. If you choose to file an amended complaint, the claim under 42 U.S.C. § 1981 should include facts

showing that each defendant intentionally discriminated based on race.  It is not enough to say that non-payment was a pretext for revoking your charter(s) or membership, you have to provide facts—such as specific things a particular defendant said or did—that show racism was the real reason.

As to your second claim, the First Amendment applies only to governments.  A private organization cannot violate your First Amendment rights.  If you include a First Amendment claim in the amended petition, the magistrate judge will recommend that it be dismissed.

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Kimbly Arnold's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff Roland Dunham II shall have 30 days from the date of this order to submit an application to proceed in forma pauperis or pay the filing fee;
3. Plaintiffs shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above.  If plaintiffs fail to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 17, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE