UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBLY ARNOLD AND ROLAND DUNHAM II,<br><br>Plaintiffs,<br><br>v.<br><br>LIONS CLUB INT'L ASSOC., et al,<br><br>Defendants. | No. 2:24-cv-02095 DAD AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiffs are proceeding in this action pro se, and the case was accordingly referred to the undersigned for pretrial purposes by E.D. Cal. 302(c)(21).

                I.      IN FORMA PAUPERIS STATUS

Plaintiff Kimbly Arnold filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). Arnold's motion was previously granted. ECF No. 3. Plaintiff Roland Dunham II has now also submitted a request to proceed IFP. ECF No. 9. The court GRANTS Mr. Dunham's motion. Plaintiffs have submitted a First Amended Complaint ("FAC"). ECF No. 8. The FAC is now before the court for the screening process that accompanies IFP status.

////

////

## II. SCREENING

A. <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. <u>See</u> <u>Neitzke</u>, 490 U.S. at 327; <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. <u>See</u> <u>Noll v.</u>

2

1 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
2 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### B. The First Amended Complaint

The First Amended Complaint sues the Lions Club International Association, and several of its officers and/or employees, for various violations of state law. ECF No. 8 at 1-3, 14-18. Plaintiffs assert federal jurisdiction pursuant to 28 U.S.C. § 1332, "diversity jurisdiction." ECF No. 8 at 2. Plaintiffs state the "claims against the Defendant do not arise under federal law, but under diversity jurisdiction properly being invoked pursuant to 28 U.S.C. § 1332." Id. Plaintiff Kimbly Arnold is a citizen of the State of California. Id. Plaintiff Roland Dunham II is a citizen of the State of Connecticut. Id. Defendant Lion's Club International Association is a Connecticut corporation, and defendant Susan Fisher is a citizen of the State of Connecticut. Id. at 3.

### C. Analysis

This case must be dismissed for lack of federal jurisdiction. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. A case "arises under" federal law for jurisdictional purposes either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

Here, plaintiffs do not make any federal claims and assert that jurisdiction exists based on diversity of citizenship, but plaintiffs misunderstand the requirements of diversity jurisdiction. In

an action in which subject matter jurisdiction is premised on the diversity statute, there must be *complete* diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than each of the defendants.  See, e.g., Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008) ("We have jurisdiction only if [plaintiff], a resident of California, has citizenship which is diverse from that of every defendant.").  In this case, plaintiff Roland Dunham II is a citizen of Connecticut, and at least two defendants (Susan Fisher and Lions Club International Association) are also citizens of Connecticut.  Because one plaintiff and some of the defendants are citizens of the same state, there cannot be diversity jurisdiction.

There is no other basis for jurisdiction, and so this case must be dismissed for lack of subject matter jurisdiction.  Leave to amend is not appropriate in this case because no amendment can resolve this jurisdictional defect.

### III.   PRO SE PLAINTIFFS' SUMMARY

This case must be dismissed because federal court diversity jurisdiction requires that each plaintiff be from a different state than each defendant.  In a case like this where there are multiple plaintiffs and defendants, it is not enough that one plaintiff is from a different state than all of the the defendants, or that plaintiffs are from different states than each other; every plaintiff must be from a different state than every defendant.  This case can only be heard in the appropriate state court, because there is no federal claim and there is no basis for diversity jurisdiction.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff Roland Dunham II's motion to proceed in forma pauperis (ECF No. 9) is GRANTED.

Further, it is hereby RECOMMENDED that this case be DISMISSED in its entirety for lack of federal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE